UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GERALD P. ANDERSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-114

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14) the administrative record (doc. 10),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on October 30, 2012 alleging disability as a result of a number of alleged impairments including, *inter alia*, sinus tachycardia, hypertension, asthma, back impairments, anxiety and antisocial personality disorder. PageID 82, 256-61.

After initial denial of his applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Emily Statum on July 2, 2014. PageID 105-31. The ALJ issued a written

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

decision on November 20, 2014 finding Plaintiff not disabled. PageID 80-99. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 87-99.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 63-65. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 82-99), Plaintiff's Statement of Errors (doc. 11), and the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.967(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's

Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff alleges that the ALJ erred in: (1) her analysis of an opinion given by cardiologist Sudhakar Maraboyina, M.D.; and (2) relying on an inaccurate hypothetical question posed to the vocational expert ("VE") at the administrative hearing. Doc. 11 at PageID 906.

#### A. Dr. Maraboyina

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

4

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); see also 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.*, length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Maraboyina saw Plaintiff on two occasions -- once on September 10, 2013, and once on May 27, 2014. PageID 754-60. On June 18, 2014, Dr. Maraboyina completed a medical source statement, in which he opined that Plaintiff was incapable of even low stress work; would

5

require unscheduled breaks during the workday; would need to elevate his legs; was unable to lift anything; could not stand, walk, or sit for any duration during the workday; must avoid exposure to all environmental irritants such as extreme cold, extreme heat, smoke, perfume, dust, and chemicals; would be off task for 25% or more of the workday; and would be absent more than four days per month. PageID 882-83. The ALJ gave Dr. Maraboyina's opinion "little weight" because it was "not supported by the observable clinical signs and objective findings of record"; the extent of Plaintiff's treatment with him was not evident from the record; and the opinion offered with "conclusory." PageID 96-97.

Initially, there is an issue as to whether Dr. Maraboyina is a "treating physician" as defined by the Commissioner's regulations. *See* 20 C.F.R. § 416.902. Specifically, a "treating physician" is a Social Security claimant's "own physician, psychologist, or other acceptable medical source who provides . . . or has provided . . . medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the plaintiff. 20 C.F.R. § 416.902. An acceptable medical source who has only treated a claimant "a few times or only after long intervals" can be considered a treating physician "if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition." *Id*. In this case, Dr. Maraboyina saw Plaintiff, as noted, on only two occasions -- September 10, 2013 and May 27, 2014. PageID 754-60. Insofar as the ALJ found that Dr. Maraboyina is not a "treating physician" as defined by 20 C.F.R. § 416.902, the undersigned finds that substantial evidence supports such a conclusion.

The ALJ's analysis did not, however, stop at such a finding. PageID 96-97. Instead, the ALJ further found that her assessment of Dr. Maraboyina's opinion would not change even if he were to be found a "treating physician" as defined by the regulations. *See* PageID 96-97. In ultimately affording Dr. Maraboyina's opinion "little weight," the ALJ's detailed the specific objective evidence and clinical findings of record that supported her conclusion. *Id*. In carefully

considering the ALJ's analysis, and carefully reviewing the evidence she specifically relied upon in regarding her conclusion, the undersigned finds the ALJ's weighing of Dr. Maraboyina's opinion is supported by substantial evidence.

While the undersigned may have reached a different conclusion if considering the record upon a *de novo* review -- including the record evidence cited by Plaintiff in his Statement of Errors (doc. 11 at PageID 909-14) -- the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406. "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772. Accordingly, the Court overrules Plaintiff's first alleged error.

### B. Hypothetical Question

In his second assignment of error, Plaintiff argues that the medical evidence of record supports a conclusion that he is more limited than ultimately determined by the ALJ. Doc. 11 at PageID 911-15. Therefore, Plaintiff contends that the VE's testimony during the administrative hearing, which was given in response to an incomplete or insufficient hypothetical question -- which mirrored the ALJ's RFC finding (PageID 87, 127) -- is not substantial evidence upon which the ALJ could rely in concluding that he can perform a significant number of jobs in the national economy. Doc. 11 at PageID 911-15.

At Step Five, the ALJ must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted). "This kind of 'substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (internal citation omitted). In formulating the

hypothetical question, the ALJ need incorporate only those limitations accepted as credible. *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The undersigned finds that the limitations set forth by the ALJ in the hypothetical question to the VE (and the ALJ's resulting RFC) are supported by substantial evidence. Again, while the undersigned may have reached a different conclusion if considering the record upon a *de novo* review -- including the record evidence specific cited by Plaintiff in his Statement of Errors (doc. 11 at PageID 909-14) -- the Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence. *Blakley*, 581 F.3d at 406. "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772. Accordingly, the Court overrules Plaintiff's second alleged error.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:  September 12, 2017                   s/ Michael J. Newman
                                                                            Michael J. Newman
                                                                            United States Magistrate Judge